IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MORRIS | : | |
| 45 N. 63RD STREET, APT 2 | : | |
| PHILADELPHIA, PA 19139 | : | CIVIL ACTION No. |
| Plaintiff, | : | |
| | : | |
| V. | : | JURY DEMANDED |
| | : | |
| UPPER DARBY TOWNSHIP, | : | |
| DELAWARE COUNTY, WELLPATH, LLC | : | |
| JOHN DOE POLICE OFFICERS, | : | |
| JOHN/JANE DOES 1–10 (G.W. Hill Medical | : | |
| Staff), | : | |
| | : | |
| and, | : | |
| | : | |
| JOHN/JANE DOES 11–25 | : | |
| (SCI Medical Staff) | : | |
| | : | |
| Defendants. | : | |

COMPLAINT

**INTRODUCTION**

1.      This civil rights action arises from Defendants' failure to provide constitutionally adequate medical care to Plaintiff while he was in custody.

2.      Plaintiff, William Morris, entered custody with a serious and obvious injury to his hand. Despite repeated complaints and documented medical findings, Defendants delayed and denied necessary treatment, failed to immobilize a diagnosed fracture, ignored prescribed follow-up care, and failed to ensure continuity of care as Plaintiff was transferred between custodial systems.

3.      As a direct result of these failures, Plaintiff's fracture healed improperly, causing permanent injury, pain, and functional limitations.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Plaintiff's claims arise under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff, **WILLIAM MORRIS**, is an adult individual, who, at all times relevant hereto, resided in the Commonwealth of Pennsylvania. Plaintiff was incarcerated at George W. Hill Correctional Facility from May 13, 2024, until July 29, 2024, at which time he was transferred to SCI Smithfield, where he stayed until his final transfer to SCI Greene on August 26, 2024. Plaintiff was released from custody on February 14, 2025.

8. Defendant **UPPER DARBY TOWNSHIP** is a municipal entity responsible for the policies, practices, and customs of its police department.

9. Defendant **JOHN DOE POLICE OFFICERS (Upper Darby)** were acting under color of state law.

10. Defendant **DELAWARE COUNTY** is a municipal entity responsible for the operation, oversight, and administration of the correctional system, including George W. Hill Correctional Facility, and for establishing and maintaining policies, practices, and customs governing the care and treatment of individuals in its custody.

11. Defendant **WELLPATH, LLC,** is a private entity acting under color of state law responsible for providing medical services to inmates at the facility.

12. Defendant **JOHN/JANE DOES 1–10 (G.W. Hill Medical Staff)** are individuals who provided medical care to Plaintiff at the county facility.

13.     Defendant **JOHN/JANE DOES 11–25 (SCI Medical Staff)** are individuals who provided medical care to Plaintiff while in state custody, including intake personnel, triage staff, and treating providers.

## FACTUAL ALLEGATIONS

### A.     Pre-Incarceration Injury and Police Conduct

14.     Prior to his arrest, Plaintiff slipped and fell, injuring his hand and aggravating a pre-existing back condition.

15.     Plaintiff complained to officers of the Upper Darby Police Department of significant pain and injury.

16.     Despite these complaints, Plaintiff was not provided medical care and was told he would need to wait until arrival at the jail.

### B.     County Custody – George W. Hill Correctional Facility

17.     Plaintiff was transported to George W. Hill Correctional Facility.

18.     Plaintiff continued to complain of severe pain, swelling, and functional impairment in his hand.

19.     Plaintiff submitted numerous grievances regarding his condition and lack of treatment.

20.     Plaintiff eventually received an x-ray, which revealed an acute oblique fracture of the fourth metacarpal.

21.     Despite this diagnosis, Defendants failed to properly treat the fracture, including failing to immobilize the injury with a splint or otherwise stabilize the fracture.

22.     Plaintiff was prescribed pain medication and muscle relaxers, but Defendants failed to provide appropriate orthopedic care.

23.     Approximately six weeks later, Plaintiff was transported to an outside medical facility.

24.    At that time, Plaintiff was informed that the fracture had healed improperly due to the delay in treatment and lack of immobilization.

25.    The outside provider instructed that Plaintiff return in four to six weeks for evaluation by a hand specialist.

**C.    Transfer to State Custody**

26.    On or about July 29, 2024, Plaintiff was transferred to state custody, SCI Smithfield, to serve a violation of probation sentence after the underlying charges were dropped.

27.    At the time of transfer, Plaintiff had a known fracture, ongoing symptoms, and a prescribed follow-up with a hand specialist.

28.    Plaintiff's medical records were not timely forwarded to the receiving institution.

**D.    SCI Intake Failure**

29.    Upon arrival into state custody, SCI Smithfield medical staff were required to perform an intake screening sufficient to identify serious medical needs and ensure appropriate care.

30.    Plaintiff presented with a serious and obvious medical condition, including a recent fracture, ongoing pain, and functional limitation.

31.    SCI Smithfield medical staff failed to conduct an adequate evaluation and failed to take reasonable steps to identify, investigate, and treat Plaintiff's condition.

32.    Regardless of the status of prior medical records, Plaintiff's condition was sufficiently apparent to require further evaluation, treatment, and follow-up care.

33.    SCI Smithfield medical staff failed to:

    a)    Conduct an adequate intake assessment
    b)    Investigate Plaintiff's reported condition
    c)    Obtain or review prior medical information
    d)    Initiate or ensure specialist referral
    e)    Provide appropriate treatment

34. These failures occurred at intake and continued throughout Plaintiff's incarceration in state custody.

**E.    Ongoing Denial of Care in State Custody**

35. Plaintiff continued to report pain and functional impairment.

36. Plaintiff did not receive the prescribed follow-up care with a hand specialist.

37. On or about August 26, 2024, Plaintiff was transferred to SCI Greene, his designated institution.

38. Plaintiff received only minimal treatment, including approximately two physical therapy sessions.

39. At no point did SCI Smithfield or SCI Greene medical staff provide meaningful treatment or ensure that the prescribed care was carried out.

**F.    Systemic Failures – County Defendants**

40. Plaintiff's injuries were the result of systemic failures at the county level, including:

   a)    Failure to provide timely and adequate treatment for known injuries;
   b)    Failure to properly treat diagnosed fractures;
   c)    Failure to respond to repeated medical grievances;
   d)    Failure to ensure continuity of care during transfer.

41. Delaware County and WellPath, LLC, failed to implement adequate policies and procedures to ensure that serious medical conditions were properly treated and that prescribed follow-up care was carried out.

**G.    Resulting Harm**

42. The delay in treatment, failure to immobilize the fracture, and failure to provide timely specialist follow-up each independently and collectively contributed to the improper healing of Plaintiff's injury.

43. As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered permanent injury, pain, reduced function, and ongoing limitations.

**CLAIMS**
**COUNT I – 42 U.S.C. § 1983**
**(Fourteenth Amendment – Deliberate Indifference)**
*(Against All Doe Defendants)*

45. Plaintiff incorporates all preceding paragraphs by reference as though the same were set forth fully herein.

46. Defendants' conduct violated Plaintiff's rights under the Fourteenth Amendment (as a pretrial detainee) and the Eighth Amendment (as a convicted prisoner), as applicable during the relevant time periods.

47. Plaintiff had a serious medical need, including a diagnosed fracture of his hand, accompanied by pain, swelling, and functional limitation, which required timely and appropriate medical evaluation and treatment.

48. Defendants knew or should have known of Plaintiff's serious medical need through, inter alia:

   a) Plaintiff's repeated verbal complaints;
   b) Plaintiff's written grievances and medical requests;
   c) Observable signs of injury and impairment; and
   d) Diagnostic testing confirming a fracture.

49. Despite this knowledge, Defendants acted with deliberate indifference to Plaintiff's serious medical needs by, inter alia:

   a) Failing to provide timely medical evaluation following Plaintiff's injury;
   b) Failing to properly treat and/or immobilize a diagnosed fracture;
   c) Unreasonably delaying access to necessary medical care;
   d) Failing to implement prescribed treatment and specialist follow-up;
   e) Failing to conduct an adequate intake evaluation upon Plaintiff's transfer to state custody;
   f) Failing to investigate, identify, and respond to Plaintiff's condition at intake and thereafter; and
   g) Failing to take reasonable steps to ensure continuity of care across custodial transfers.

50. With respect to SCI medical staff, Defendants' conduct was objectively unreasonable in that they failed to identify and respond to an obvious and serious medical condition at intake and during subsequent custody, regardless of the status of prior medical records.

51. Defendants' actions and omissions were not the result of mere negligence but constituted reckless disregard for a substantial risk of serious harm to Plaintiff.

52. As a direct and proximate result of Defendants' deliberate indifference, Plaintiff suffered injury, including improper healing of his fracture, permanent impairment, pain, and functional limitations.

**COUNT II – 42 U.S.C. § 1983 (Monell Liability)**
*(Against Delaware County and WellPath, LLC.)*

53. Plaintiff incorporates all preceding paragraphs by reference as though the same were set forth fully herein.

54. At all relevant times, Defendant Delaware County and Defendant WellPath, LLC, were responsible for establishing, implementing, and maintaining policies, practices, and customs governing the provision of medical care to individuals detained at George W. Hill Correctional Facility.

55. Plaintiff's injuries were caused by policies, practices, or customs of these Defendants, including but not limited to:

a) Failure to Provide Timely and Adequate Medical Care; a practice of delaying or minimizing treatment for serious medical conditions, including fractures, despite known risks of harm.

b) Failure to Properly Treat Diagnosed Conditions; a failure to ensure that diagnosed injuries were appropriately treated, including the failure to immobilize fractures or provide necessary follow-up care.

c) Failure to Respond to Medical Grievances; a practice of failing to adequately respond to or escalate inmate complaints and grievances concerning serious medical needs.

d) Failure to Ensure Continuity of Care During Transfers; a lack of policies or enforcement mechanisms to ensure that critical medical information, diagnoses, and prescribed treatment plans followed individuals during transfer to other custodial authorities.
e) Failure to Track and Implement Specialist Referrals; a failure to maintain systems to ensure that outside referrals and prescribed follow-up care were scheduled and completed.
f) Failure to Train and Supervise Staff; a failure to adequately train and supervise staff in recognizing, evaluating, and responding to serious medical conditions and ensuring continuity of care.

56. These policies, practices, and customs reflect deliberate indifference to the serious medical needs of individuals in custody.

57. The foregoing policies and failures were the moving force behind the violation of Plaintiff's constitutional rights and directly caused his injuries.

## COUNT III
## NEGLIGENCE / MEDICAL MALPRACTICE
### *(Against Medical Defendants, including WellPath, LLC, and John/Jane Does 1–25)*

58. Plaintiff incorporates all preceding paragraphs by reference as though the same were set forth fully herein.

59. At all relevant times, Defendants WellPath, LLC and John/Jane Does 1-25 (hereinafter collectively referred to as "Medical Defendants") owed Plaintiff a duty to provide medical care in accordance with the applicable standard of care.

60. A provider–patient relationship existed between Plaintiff and the Medical Defendants, including the individual John/Jane Doe providers and WellPath, LLC, which undertook the duty to provide medical services to inmates at George W. Hill Correctional Facility and to Plaintiff while in custody.

61. The applicable standard of care required, inter alia, that Medical Defendants timely evaluate Plaintiff's condition, properly treat a diagnosed fracture, immobilize the injury as clinically indicated, arrange and ensure appropriate specialist follow-up, and maintain continuity of care during custodial transfers.

62.    Medical Defendants breached the applicable standard of care by, inter alia:

   a. Failing to timely and adequately evaluate Plaintiff's injury;
   b. Failing to properly treat and/or immobilize a diagnosed fracture;
   c. Unreasonably delaying necessary medical care;
   d. Failing to arrange, track, and ensure completion of prescribed specialist follow-up;
   e. Failing to obtain, review, or act upon available medical information;
   f. Failing to provide appropriate care at intake and thereafter in state custody; and
   g. Otherwise failing to exercise reasonable care under the circumstances.

63.    The Medical Defendants are further liable under theories of vicarious liability and corporate negligence, including for failing to adopt and implement adequate policies, procedures, and systems to ensure appropriate evaluation, treatment, referral tracking, and continuity of care.

64.    As a direct and proximate result of these breaches, Plaintiff suffered harm, including improper healing of the fracture, permanent impairment, pain, and functional limitations.

**COUNT IV**
**NEGLIGENCE**
*(Against Upper Darby Township, Delaware County, and John Doe Police Officers)*

65.    Plaintiff incorporates all preceding paragraphs by reference as though the same were set forth fully herein.

66.    At all relevant times, the Defendants Upper Darby Township, Delaware County, and John Doe Police Officers (hereinafter collectively referred to as "Non-Medical Defendants"), owed Plaintiff a duty to exercise reasonable care under the circumstances, including a duty to ensure that individuals in their custody received necessary and timely medical care for serious and obvious conditions.

67.    Non-Medical Defendants knew or should have known that Plaintiff had a serious medical need, including a painful and functionally limiting hand injury, based upon Plaintiff's visible condition, repeated complaints, and documented grievances.

68.    Non-Medical Defendants breached their duty of care by, inter alia:

a)    Failing to take reasonable steps to ensure that Plaintiff received timely medical evaluation and treatment;

b)    Ignoring or failing to act upon Plaintiff's repeated complaints and grievances regarding his condition;

c)    Delaying or denying access to appropriate medical care;

d)    Failing to ensure that prescribed treatment and follow-up care were carried out;

e)    Failing to implement or follow procedures designed to address serious medical needs; and

f)    Otherwise failing to exercise reasonable care under the circumstances.

69.    Non-Medical Defendants were not entitled to ignore Plaintiff's serious and obvious medical condition or to defer entirely to medical personnel where the need for care was apparent and ongoing.

70.    As a direct and proximate result of these breaches, Plaintiff suffered injury, including the improper healing of his fracture, permanent impairment, pain, and functional limitations.

### DAMAGES and PRAYER FOR RELIEF

71.    As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered significant injuries and damages, including but not limited to physical pain, permanent impairment, loss of function, and loss of life's pleasures. Plaintiff has incurred medical expenses and will continue to incur such expenses in the future. Plaintiff has also experienced ongoing limitations affecting his daily activities and overall quality of life.

72.    Defendants' conduct was willful, wanton, and in reckless disregard of Plaintiff's constitutional rights, entitling Plaintiff to an award of compensatory damages and, where appropriate, punitive damages.

[SPACE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, Plaintiff William Morris respectfully requests that this Court enter judgment in his favor and against Defendants, awarding compensatory damages, punitive damages as permitted by law, costs of suit, and such other relief as the Court deems just and proper.

Respectfully submitted,

**VAN DER VEEN, HARTSHORN & LEVIN**

DATE:  April 24, 2026                         BY:    /s/

Michael T. van der Veen, Esquire
PA ID No. 75616
Steven R. Bryson, Esquire
PA ID No. 324942
1219 Spruce Street
Philadelphia, PA 19107
mtv@mtvlaw.com
sbryson@mtvlaw.com
P: (215) 546-1000
F: (215) 526-8529
*Attorneys for Plaintiff*