IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MORRIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UPPER DARBY TOWNSHIP et al | : | NO. 26-2716 |

**MEMORANDUM AND ORDER**

CAROLINE GOLDNER CINQUANTO, U.S.M.J. September 30, 2026

Delaware County has filed a Motion to Dismiss Count Two of Plaintiff's Second Amended Complaint alleging Monell liability on the part of Delaware County based on Delaware County's alleged failure to oversee and implement policies to ensure incarcerated individuals at the George W. Hill Correctional Facility ("George W. Hill") "received timely and appropriate medical evaluation, diagnosis, treatment, specialty referrals, and follow-up care." Second Amended Complaint ("SAC") ¶ 78. Delaware County argues that Plaintiff "has failed to plead adequate facts that, taken as true, support a claim against Delaware County for Monell liability." Doc. 18 at 4. Plaintiff responds that Delaware County's Motion "improperly recasts a pleaded failure-of-oversight Monell claim as a single-incident medical-malpractice claim." Doc. 19 at 1. For the reasons that follow, I deny Delaware County's Motion.

## I. FACTS AND PROCEDURAL HISTORY

On May 13, 2024, Plaintiff was incarcerated as a pretrial detainee at George W. Hill. SAC ¶¶ 32, 56. Prior to his incarceration, Plaintiff injured his left (dominant) hand, which caused "severe pain, swelling, diminished mobility, and functional limitations."

Id. ¶ 33. Plaintiff informed correctional and medical personnel of his hand injury upon arrival and requested a medical evaluation and treatment at that time, and repeatedly thereafter. Id. ¶ 34. Three days later, x-rays confirmed "that Plaintiff had sustained an acute oblique fracture of the fourth metacarpal." Id. ¶ 38. Despite the x-rays confirming the fracture, Defendants did not provide "timely and appropriate treatment." Id. ¶ 40. Approximately six weeks later, after repeatedly complaining of severe pain, swelling, and diminished function in the left hand, "Plaintiff was transported to an outside medical provider for evaluation." Id. ¶ 44. During the outside evaluation, "Plaintiff was informed that his fracture had healed improperly due to the prolonged delay in receiving appropriate treatment." Id. ¶ 45.[1]

On April 24, 2026, Plaintiff brought suit against Upper Darby Township, Delaware County, Wellpath, LLC (the medical care provider at George W. Hill), and unidentified police officers and medical staff at George W. Hill and the State Correctional Institution to which he was transferred. Doc. 1. Subsequently, Plaintiff filed an Amended Complaint, naming Delaware County, WellPath, and unidentified medical staff at George W. Hill. Doc. 9. In response to motions to dismiss the Amended Complaint filed by Wellpath and Delaware County, Plaintiff filed the SAC and the Honorable John M. Younge, to whom the case was originally assigned, dismissed the

---

[1]On July 29, 2024, Plaintiff was transferred to the custody of the Pennsylvania Department of Corrections and has continued to require medical care for his improperly healed left metacarpal fracture. SAC ¶¶ 47-48.

motions to dismiss the Amended Complaint as moot. Docs. 13-15, 17.[2] In response to the SAC, Delaware County filed the current motion to dismiss. Doc. 18. Upon consent of the parties, Judge Young referred the matter to me to conduct all further proceedings. Doc. 23.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, accepting all well-pled factual allegations as true. Happel v. Bishop, Civ. No. 23-13, 2024 WL 1508561, at *2 (W.D. Pa. Feb. 22, 2024) (citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993)). In considering a motion to dismiss, "the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient 'to raise a right to relief above the speculative level.'" Happel, at *2 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (emphasis added). Though plausibility does not require pleading "detailed factual allegations," a complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id. at 555 (citation omitted). A claim is plausible on its face "when the plaintiff pleads factual

---

[2]In the SAC, Plaintiff replaced WellPath with the WellPath Liquidating Trust, the liquidating trust established pursuant to WellPath's Chapter 11 Reorganization, which assumed liability for General Unsecured Claims against the debtor entities, including personal injury and wrongful death claims arising before the Bankruptcy Petition date. SAC ¶ 14-15.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019) (quoting Iqbal, 556 U.S. at 678-79). Even looking at the complaint in the light most favorable to the plaintiff, the factual allegations must go beyond speculation. Twombly, 550 U.S. at 555.

## III. DISCUSSION

Delaware County argues that Plaintiff has failed to provide any allegations in support of his claim that "Delaware County maintains a policy or custom of failing to provide timely and adequate medical care." Doc., 18 at 34 (citing SAC ¶¶ 70-84). According to Delaware County, Plaintiff's SAC amounts to nothing more "than mere recitations of the elements of a Monell claim." Doc. 18 at 5. Plaintiff responds that Delaware County overlooks well-pleaded allegations in the SAC that Delaware County "had notice of recurring concerns regarding inmate healthcare before Plaintiff's injury; and nevertheless failed to adequately monitor, investigate, address, and correct those deficiencies." Doc. 19 at 1 (citing SAC ¶¶ 45-54).

"Municipalities are subject to § 1983 liability under Monell only where the municipality itself causes a constitutional violation – a municipality is not subject to respondeat superior or vicarious liability under § 1983." Cloyd v. Delaware County, Civ. No. 14-4833, 2015 WL 5302736, at *2 (E.D. Pa. Sept. 10, 2015) (citing Monell v. Dept. of Soc. Srvs., 436 U.S. 658 (1978); 42 U.S.C. § 1983). One of the instances in which a

governmental entity is subject to Monell liability is where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." Cloyd, at *2 (citing Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003)); see also Simonds v. Delaware Cnty., Civ. No. 13-7565, 2015 WL 1954364, at *3 (E.D. Pa. Apr. 30, 2015) (same).

Reviewing the SAC, I conclude that Plaintiff has sufficiently pled facts to state a plausible claim. Plaintiff enunciated several methods through which Delaware County received information regarding the medical care provided to incarcerated individuals at George W. Hill, including meetings of the Jail Oversight Board, operational reports, healthcare utilization reports, inmate grievances, and independent prison monitoring. SAC ¶ 24. Plaintiff specifically alleged that two months prior to his incarceration at George W. Hill, the Pennsylvania Prison Society conducted an independent monitoring visit, and issued a written memorandum documenting concerns including delays in access to medical care and reports from inmates regarding extended wait times to receive medical treatment. Id. ¶ 27-28. According to the SAC, this memorandum was distributed to Delaware County officials, members of the County Council, and other public officials responsible for oversight and operation of George W. Hill. Id. ¶ 27.

Based on the allegations in the SAC, Plaintiff has gone beyond the elements of a Monell claim, by pleading that Delaware County had notice of concerns regarding timely access to medical treatment at George W. Hill, and failed to correct such deficiencies,

which led to Plaintiff's injuries due to delayed diagnosis of and treatment for a fractured metacarpal.

An appropriate Order follows.